IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PETLAND, INC.,

Plaintiff,

v.

IVAN M. ARBELO, PAULINA LINARES GARCIA and PET-CO OF PUERTO RICO, INC.,

Defendants.

CIVIL NO. 05-2115 (ADC)

# REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff Petland Inc. ("Petland") filed the instant complaint for violations of trademark infringement, false advertisement, unfair competition, misappropriation, civil conspiracy, enforcement of post-termination non-compete clause and damages as to all defendants, including co-defendant Paulina Linares García ("Linares")[1] (**Docket No. 1**).

On February 3, 2006, co-defendant Linares filed a Motion to Dismiss plaintiff's cause of action submitting there is no allegation in the complaint establishing personal conduct by her which would make her personally liable to plaintiff independently from defendant corporation Pet-Co of Puerto Rico.  Thus, co-defendant Linares claims she has the legal protection of the corporate veil (**Docket No. 37**).

---

[1] The complaint has submitted violation under the Lanham Act, 15 U.S.C. §1116, for injunctive relief and for false advertising with intent to deceive the public; Trademark Act violations under 15 U.S.C.1125(a) and for unfair competition; misappropriation of trade secrets and conspiracy as to all defendants, as well as violation of non-compete and other clauses of the franchise agreement as to co-defendant Ivan M. Arbelo.

On March 6, 2006, plaintiff filed an Opposition to the Motion to Dismiss submitting the allegations in the complaint, to be accepted as true, show none of the defendants, including Linares, notified plaintiff of the change in control over and ownership of the store at issue bearing the trademark name, had a license from plaintiff to use the trademark, trade name or other rights under the franchise agreement, paid royalties thereunder and by August 15, 2005 were still operating a pet store at Plaza del Norte Mall in Hatillo, Puerto Rico under the Petland name. Thus, plaintiff submits that a corporate official such as Linares, as the sole shareholder, officer and director of the corporation, may be held personally liable for tortuous conduct, even if the conduct is committed for the benefit of the corporation. Plaintiff further claims that, by operating the retail store and using the name Petland without consent, co-defendants Linares and PetCo-PR showed the intention of unlawfully holding themselves out as a Petland store, with the intent of causing mistake or deceive on the public, and willfully, knowingly and intentionally misappropriating Petland's trade secrets. (**Docket No. 49)**.

This matter was referred to this Magistrate Judge for report and recommendation (**Docket No. 54**).

## GENERAL BACKGROUND

Plaintiff Petland is an international franchiser based in Ohio that granted, through a written contract, to co-defendant Iván M. Arbelo ("Arbelo"), the exclusive rights to operate a Petland retail store in Hatillo, Puerto Rico. Under said franchise agreement, co-defendant Arbelo operated a Petland store at Plaza del Norte Mall in Hatillo, Puerto Rico. *Complaint* ¶

Petland, Inc. v. Ivan M. Arbelo, Paulina Linares Garcia and Pet-co of Puerto Rico, Inc.
Civil No. 05-2115 (ADC)
Report and Recommendation
Page 3

*16.* Co-defendant Arbelo has been on default as to payment of royalties under the franchise agreement and two judgments, still unsatisfied, were entered in an Ohio court. On an unknown date, co-defendant Arbelo transferred control of the Petland store to his mother, herein co-defendant Linares and/or to PetCo-PR, a corporation which was formed by Linares. At no time co-defendants Arbelo, Linares or PetCo-PR notified Petland of such transfer, nor paid for the royalties, the transfer of trademark, trade name or other rights typically conveyed by a franchise agreement, yet continued to operate a retail store under the name "Petland". *Id. ¶¶ 26-29, 48-50, 77-81.*

By August of 2005, one or more of the defendants were still operating a pet store at the Plaza del Norte Mall in Hatillo, under the Petland's name and using Petland's marks. *Id. ¶36.*

**MOTION TO DISMISS AND STANDARD UNDER RULE 12(B)(6)**.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Still, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991).

The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each

Petland, Inc. v. Ivan M. Arbelo, Paulina Linares Garcia and Pet-co of Puerto Rico, Inc.
Civil No. 05-2115 (ADC)
Report and Recommendation
Page 4

material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

## LEGAL ANALYSIS

Co-defendant Linares' main submission relies on Cebric Promotions Ltd. v. King, 533 U.S. 158, 121 S.Ct. 2087 (2001) inasmuch an individual defendant as president and sole shareholder of corporation is a "person" distinct from the enterprise subject to liability and, thus, absent an allegation in the complaint establishing individual and personal conduct of co-defendant Linares, she would not be personally liable.

In turn, plaintiff contends the complaint alleges that co-defendant Linares personally, not only as an officer of PetCo-PR, infringed Petland's trademarks, as well as conspired with Arbelo and PetCo-PR. Co-defendant Linares should not be able to merely allege, as grounds for dismissal, that her conduct was a corporate action by PetCo-PR.

Plaintiff has submitted co-defendant Linares is the mother of co-defendant Arbelo and an officer, director and shareholder of PetCo-Pr Corporation. *Complaint* ¶5. On a date unknown to Petland, defendant Arbelo transferred control over the Petland store in Hatillo, Puerto Rico to his mother, Linares and/or to PetCo-PR, a corporation that his mother formed. *Id.* ¶23. None of the defendants notified Petland of this change in control over and ownership

of the store. *Id. ¶25*. At no time did Petland license defendant Linares or PetCo-Pr to use any of Petland's trademarks, trade name, or other rights which are typically conveyed by a franchise agreement. *Id. ¶26*. Furthermore, at no time did co-defendant Linares or PetCo-PR payed or attempted to pay any royalties to Petland for the use of its trademark. *Id. ¶27*. As of August 15, 2005, one or more of defendants were still operating a pet store at Plaza del Norte, under the Petland name and utilizing Petland's marks. *Id ¶ 36.*

The complaint also states, which for purposes of a petition for dismissal should be taken as true, that co-defendant Arbelo conspired with co-defendants Linares and PetCo-PR to permit them to take over the retail pet store which had been franchised to him by Petland and to operate that retail pet store under Petland's trade name and marks, without Petland's consent. Said conspiracy included an express or implied agreement among all defendants. *Id. ¶83*.

Co-defendant Linares' claim under <u>Cedric Kushner Promotions, Ltd. v. King</u> to the effect that a president and sole shareholder of corporation was a "person" distinct from the enterprise subject to liability under RICO is correct. Nonetheless, a corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as agent of corporation and not on his own behalf. *See* <u>Committee for Idaho's High Desert, Inc. v. Yost</u>, 92 F.3d 814 (9th Cir. 1996). A corporate official may be held personally liable for tortuous conduct committed by him/her, though committed primarily for the benefit of the corporation. This would be true in trademark infringement and unfair trade practices cases. *See* <u>Transqo, Inc. v. Ajac Transmission Parts</u>

Corp., 768 F.2d 1001, 1021 (9th Cir. 1985); *see also* Tillman v. Wheaton-Haven Recreation Association, 517 F.2d 1141, 1144 (4th Cir. 1975), as cited in Polo Fashions, Inc. v. Craftex, Inc., 816 F.2d 145, 149-150 (4th Cir. 1987).[2]

Finally, co-defendant Linares submits arguments the complaint was drafted in the disjunctive by using "and/or" when referring to the transfer or control of the store in Hatillo. Thus, she claims the complaint does not provide a clear definite statement of fact. In turn, plaintiff avers Rule 8 (e)(2) allows inconsistent positions in pleadings or to plead in the alternative citing Rodríguez Suris v. Montesinos, 123 F.3d 10, 20 (1st Cir. 1997); Gens v. Resolution Trust Corp., 112 F.3d 569, 573 (1st Cir. 1997).

In Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1555 (1st Cir. 1994), the Court of Appeals for the First Circuit ruled that, because procedural law allows alternative contentions, parties to a civil action involving an array of factual and legal theories, as this case presents, may be allowed to defer choice at least until late stages of proceedings in the trial court. *See* McCalden v. California Library Ass'n, 955 F.2d 1214 (9th Cir. 1990) (holding that allegations should not be construed as an admission against inconsistent claims); Molsbergen v. United States, 757 F.2d 1016, 1018-19 (9th Cir. 1985) (same) (cited in Rodríguez-Suris v. Montesinos, 123 F.3d at 20-21). Thus, co-defendant Linares' contention as to the disjunctive use in plaintiff's complaint lacks merit.

---

[2] Normally, when addressing personal *vis a vis* corporate liability within the protection of the corporate structures there is a need for further scrutiny under the doctrine known by various names, including "piercing the corporate veil," disregarding the corporate entity, and the "alter ego" theories." *See* Hiller Cranberry Products, Inc. v. Koplovsky, 165 F.3d 1, 9 (1st Cir. 1999). Nonetheless, we need not engage in an alter ego analysis because this doctrine was not raised at this stage.

In view of the foregoing, and taking as true the allegations in the complaint, it is recommended that co-defendant Linares' Motion to Dismiss be **DENIED** (**Docket No. 37**).

## CONCLUSION

Considering the above discussed, it is recommended that defendant Linares's Motion to Dismiss be **DENIED** (**Docket No. 37**).

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 18th day of July of 2006.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE