**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **PETLAND, INC.,**<br>     **Plaintiff**<br><br>     **v.**<br><br>**IVAN M. ARBELO, PAULINA LINARES GARCÍA and PET-CO OF PUERTO RICO,**<br>     **Defendants** | **Civil No. 05-2115 (ADC)** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the objection of co-defendant, Paulina Linares García ("Linares"), to the Report and Recommendation ("R&R") (**Docket No. 63**), issued by Magistrate-Judge Camille L. Vélez-Rivé on June 18, 2006, recommending denial of her Motion to Dismiss. (**Docket No. 37**). Plaintiff, Petland Inc. ("Plaintiff"), opposes the objection. (**Docket No. 63**). After reviewing the R&R and specific objection thereto, the Court **adopts** the R&R and **denies** the Motion to Dismiss.

I.   **Standard of Review for Objections to a Report and Recommendation**

A District Court may refer pending motions to a Magistrate -Judge for a Report and Recommendation. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Loc. Rule 72(a). Any party adversely affected by the recommendation issued may file written objections within ten days of being served with the Report and Recommendation. *See* 28 U.S.C. §636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp.2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). Failure to comply with this rule precludes further review by the district court and the court of appeals. *See Santiago v. Cannon U.S.A. Inc.*, 138 F.3d 1, 4 (1st Cir. 1998); *Davet v. Maccorone*, 973 F.2d 22, 30-31 (1st Cir. 1992). Similarly, a party objecting to a report and recommendation is "not entitled to a de novo review of an argument never raised" before the magistrate. *See Borden v. Sec. of Health and Human Svcs.*, 836, F.2d 4,6 (1st Cir. 1987).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (a)(b)(1). *See Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc.*, 286 F. Supp.2d 144, 146 (D.P.R. 2003). Hence, the Court may accept those parts of the report and recommendation to which the Plaintiffs do not object. *See Hernández-Mejías v. General Elec.,* 428 F. Supp.2 d 4,6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp.2d 114,125-126 (D.R.I. 2004)). Lastly, arguments or available evidence not raised before the magistrate are deemed waived. *See Rafael Refojos & Assoc.*, *v. Ideal Automotive and Truck Assoc.*, No. 03-1797, 2006 WL 695806, at *2 (D.P.R. March 15, 2006).

## II.     Linares' Objection

In her objection, Linares argues that she may not be found liable for the civil conspiracy claim that is premised on her conspiring with her wholly owned corporation, PetCo-PR. Specifically, she argues that caselaw establishes that a sole shareholder cannot be liable for conspiring with his or her own corporation. *See Cedric Kushner Promotions Ltd. v. King*, 533 U.S. 158 (2001); *Podiatrist Assoc. Inc. v. La Cruz Azul de Puerto Rico*, 332 F.3d 6, 12 (1st Cir. 2003).[1] Plaintiff initially counters that this point was not raised before the Magistrate-Judge, which precludes its consideration. In the alternative, plaintiff also argues that the complaint also alleges that Linares conspired with Arbelo, not Pet-Co of Puerto Rico, Inc. ("Pet-Co").

After reviewing the complaint, the Court agrees with Plaintiff. Paragraph 83 of the complaint states that "Defendant Arbelo conspired with Linares and Pet-Co to permit them to take over the retail pet store that had been franchised to him . . ." (**Docket No. 1**). This

---

[1] The facts of *Cedric* and *Podiatrist* are readily distinguishable from the case at bar. In *Cedric*, the Supreme Court held that a sole shareholder of a corporation could be found to be "employed by or associated with" the corporation for the purpose of imposing liability under the Racketeer Influenced and Corrupt Organization Act ("RICO"). 533 U.S. at 165. In *Podiatrist*, the First Circuit noted that a corporate officer could not conspire with his own corporation for the purpose of establishing an anti-trust claim under the Sherman Act. 332 F.3d at 14. Here, Plaintiff alleges a conspiracy between two individuals, one who happened to be the sole shareholder of PetCo-PR.

paragraph, and those following it, clearly allege that Linares conspired with Arbelo to transfer ownership of the franchise.  Accordingly, the objection is without merit.

## IV. Conclusion

After considering Linares' objection, pleadings and the R&R, the Court hereby **ADOPTS** the R&R (**Docket No. 63**) in accordance with the body of this Order.  Therefore, Defendant's Motion to Dismiss (**Docket No. 37)** is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 5th day of September, 2006.

                                      **S/AIDA M. DELGADO-COLON**
                                      **United States District Judge**